IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL LAURI
4 Roosevelt Drive
Laurel Springs, NJ  08021-2731,

      Plaintiff,

vs.

STEPHEN P. RIEXINGER
3100 Breckenridge Boulevard, Suite 722
Duluth, GA  30096-4985

And

RIEXINGER & ASSOCIATES, LLC
3100 Breckenridge Boulevard, Suite 722
Duluth, GA  30096-4985,

      Defendants.

CIVIL ACTION NO.

**COMPLAINT**

## I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt.

3. Defendants are subject to strict liability for sending a collection letter which violates the provisions of the FDCPA.

## II. JURISDICTION

4. Jurisdiction arises under 15 U.S.C. § 1692k, and 28 U.S.C. § 1337.

### III. PARTIES

5. Plaintiff Michael Lauri ("Plaintiff") is a consumer who resides in Laurel Springs, New Jersey at the address captioned.

6. Defendant Stephen P. Riexinger is upon information and belief an attorney licensed in the state of Georgia with a principal place of business in Duluth, Georgia and a mailing address as captioned. He is a principle in Riexinger & Associates, LLC.

7. Defendant Riexinger & Associates, LLC is an out of state collection law firm, which has an office for the regular transaction of business at the address captioned.

8. Defendants are collectively referred to as "Defendants" or "Riexinger Law Firm."

9. Defendants regularly engage in the collection of consumer debts in the District of New Jersey using the mails and telephone.

10. Defendants regularly attempt to collect consumer debts alleged to be due another.

11. Defendants are "debt collectors" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

### IV. STATEMENT OF CLAIM

12. On September 27, 2010, Defendants sent Plaintiff a form collection letter in an attempt to collect a consumer debt alleged due its client. A copy of the September 27, 2010 letter is attached hereto as Exhibit A (redacted in part per Fed. R. Civ. 5.2) ("Dunning Letter").

13. The September 27, 2010 Dunning Letter is on the letterhead of "Riexinger & Associates, LLC Attorneys at Law".

14. The September 27, 2010 Dunning Letter is signed by Stephen P. Riexinger, Attorney at Law.

15.  The September 27, 2010 Dunning Letter states in part:

> "Our client has directed us to evaluate your account for litigation if we cannot reach a resolution. Your account has been assigned to our Pre-legal and Asset Investigation Team for this purpose. After evaluation your account may be assigned to our legal department or forwarded to an attorney in the appropriate jurisdiction with instruction to file suit."

16.  Defendants' Dunning Letter represents or implies a level of attorney involvement in the sending of the collection letter. There was no such involvement.

17.  The Dunning Letter falsely implies that the collection of the account has been escalated by the hiring of an attorney and his law firm to take steps to collect the account.

18.  In reality, and unbeknownst to the recipient or the least sophisticated consumer, the Defendants sent this form collection letter in their capacity as a debt collector only and not as an attorney or law firm (acting like a real attorney or law firm should).

19.  The FDCPA prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1962e.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20.  Plaintiff repeats the allegations contained above as if the same were here set forth at length.

21.  The acts by Defendants described above violated the Fair Debt Collection Practices Act in the following ways:

    (a)  By using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and § 1692e(10);

3

(b) By falsely representing or implying that a communication is from an attorney, in violation of 15 U.S.C. § 1692e(3); and

(c) By falsely implying the source, authorization or approval of the collection notice, in violation of 15 U.S.C. § 1692e(9).

**WHEREFORE**, Plaintiff Michael Lauri demands judgment against Defendants Stephen P. Riexinger and Riexinger & Associates, LLC, jointly and severally, for:

(a) Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

## V.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 9/14/11

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.A.
Five Greentree Centre, Suite 302
Marlton, NJ 08053
(856) 338-1300